# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

LARRY CURLS,

    *Plaintiff,*

vs.

STATE OF KANSAS,

    *Defendant.*

Case No. 11-4016-EFM

## MEMORANDUM AND ORDER

Pro se Plaintiff Larry Curls has filed this action against the State of Kansas alleging that the dismissal of his small claims case by a Kansas District Court Judge was in violation of the Kansas small claims court procedure set forth in Kan. Stat. Ann. § 60-2610. He is seeking monetary damages for the emotional stress he has suffered and the recoupment of the monies he spent on filing his small claims case. Plaintiff filed a motion to proceed in forma pauperis, and this Court granted it.

By the terms of 28 U.S.C. § 1915(e)(2), Plaintiff's complaint must be reviewed, and, if found to be frivolous or malicious, to not state a claim on which relief may be granted, or to seek monetary relief against a defendant who is immune, the court must dismiss the case. Section 1915(e)(2)(B) allows a district court to dismiss a complaint "at any time," and there is no requirement under the

statute that the court must first provide notice or an opportunity to respond.[1] Moreover, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."[2]

Federal courts are courts of limited jurisdiction, and therefore can only hear cases that fall within one of the two statutory bases for federal subject matter jurisdiction.[3] First, under 28 U.S.C. § 1332, federal district courts have original jurisdiction of civil actions where complete diversity of citizenship and an amount in excess of $75,000 (exclusive of interest and costs) in controversy exist. Second, under 28 U.S.C. § 1331, federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States," or federal question jurisdiction. In addition, if the Court has federal question or diversity jurisdiction of some claims, it may exercise supplemental jurisdiction over the additional state law claims.[4]

Here, Plaintiff brings his claim under the laws of the State of Kansas seeking monetary relief. Plaintiff does not allege any violation of federal law or an infringement of his rights under the constitution. Therefore, there is no federal question jurisdiction. Likewise, there is no diversity jurisdiction because Plaintiff brings his action against the state in which he is a resident and has failed to place into controversy more than $75,000. Without subject matter jurisdiction, the Court has no choice but to dismiss Plaintiff's claim.

---

[1] *See Jones v. Barry*, 33 Fed. App'x 967, 971 (10th Cir. 2002).

[2] Fed. R. Civ. P. 12(h)(3).

[3] *See Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001) (citation omitted), *aff'd*, 546 U.S. 132 (2005).

[4] 28 U.S.C. § 1367(a).

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** for lack of subject matter jurisdiction.

**IT IS SO ORDERED**.

Dated this 17th day of February, 2011.

*Eric F. Melgren*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE